UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01866-RGK-DTB | Date | June 25, 2026 |
|---|---|---|---|
| Title | *Negrete v. Hub Group Trucking, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [14]

(San Bernardino Superior Court, Case No. CIVSB2535326)

## I.     INTRODUCTION

On December 2, 2025, Angela M. Negrete ("Plaintiff") filed a Complaint in San Bernardino County Superior Court against Hub Group Trucking, Inc. ("Defendant") alleging:

(1)     Gender Discrimination (Gov't Code § 12940(a));
(2)     Disability Discrimination (Gov't Code § 12940(a));
(3)     Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m));
(4)     Failure to Engage in the Interactive Process (Gov't Code § 12940(n));
(5)     Sexual Harassment and Hostile Work Environment (Gov't Code § 12940(j));
(6)     Retaliation for Protected Activity (Gov't Code § 12940(h));
(7)     Failure to Prevent Discrimination, Harassment, and Retaliation (Gov't Code § 12940(k));
(8)     Retaliation for Taking Protected Medical Leave (Gov't Code § 12945.2(l));
(9)     Retaliation for Engaging in Protected Activity (Lab. Code § 1102.5);
(10)     Retaliation for Asserting Labor Code Rights (Lab. Code § 98.6);
(11)     Retaliation for Using Sick Leave (Lab. Code § 246.5(c));
(12)     Wrongful Termination in Violation of Public Policy;
(13)     Negligent Hiring, Supervision, and Retention;
(14)     Failure to Reimburse Business Expenses (Lab. Code § 2802);

On April 15, 2026, Defendant removed the action to this Court based on diversity jurisdiction. On May 18, 2026, Plaintiff filed the current Motion to Remand on the ground that Defendant's removal was untimely.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01866-RGK-DTB | Date | June 25, 2026 |
|---|---|---|---|
| Title | ***Negrete v. Hub Group Trucking, Inc., et al.*** | | |

## II.   <u>FACTUAL BACKGROUND</u>

The following are facts alleged by Plaintiff.

Plaintiff is, and was at all relevant times, an individual residing in Riverside County, California. Defendant is and was a Delaware corporation with its principal corporate address in Illinois, conducting business in San Bernardino County, California.

Plaintiff started working for Defendant in March 2025 as a full-time, exempt Driver Manager. Plaintiff's starting salary was $75,000 annually, and she was responsible for managing approximately 50 commercial truck drivers. Shortly after Plaintiff was hired, the terminal's manager was terminated, leaving the facility without a manager for approximately two months. During this two-month period, Plaintiff and her colleagues assumed managerial duties until Defendant hired a new manager, Tyler Carreon, in early July 2025. Carreon began to display a pattern of sexist and preferential treatment, including subjecting Plaintiff and the only other female Driver Manager to minimal assignments, reduced responsibilities, and cleaning and organizing duties, which were outside of the typical scope of a Driver Manager. Furthermore, Plaintiff was subjected to repeated and persistent harassment by driver Christian Hernandez including romantic advances in person and via text message.

Plaintiff began approved medical leave on July 22, 2025. Plaintiff's physician provided medical documentation clearing her return with light-duty restrictions until September 2, 2025, conditions which Defendant confirmed and approved in writing. Upon her return to work on August 11, 2025, Plaintiff discovered that Carreon broke his commitment to schedule her on a more desirable weekday shift. Instead, he gave that shift to a new employee and gave Plaintiff a less desirable weekend shift. She was also subjected to continued and unwarranted questioning and intimidation regarding Christian Hernandez. A few days later, on August 19, 2025, while Defendant remained under medical restrictions, Defendant terminated Plaintiff's employment.

## III.   <u>JUDICIAL STANDARD</u>

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01866-RGK-DTB | | Date | June 25, 2026 |
|---|---|---|---|---|
| Title | ***Negrete v. Hub Group Trucking, Inc., et al.*** | | | |

**IV.    DISCUSSION**

On December 29, 2025, Plaintiff formally served Defendant with the Summons and Complaint. Over three months later, after receiving discovery responses regarding the amount in controversy and Plaintiff's citizenship, Defendant removed the action to federal court. Plaintiff contends that the case should be remanded due to Defendant's untimely removal and seeks attorneys' fees under § 1447(c).[1]

**A.    Timeliness of Defendant's Removal Under § 1446(b)**

"28 U.S.C. § 1446, sets a thirty-day deadline to remove a case to federal court." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). This thirty-day clock starts at the time the defendant receives an initial pleading that reveals a basis for removal. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, but the defendant later receives an amended pleading motion, order, or other paper from which it may first ascertain a basis for removal, § 1446(b)(3) provides a second thirty-day window for removal, as long as it has been less than one year after service of the initial pleading. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

Whether an initial pleading reveals a basis for removal is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Moreover, the basis for removal "must be *revealed affirmatively* in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris*, 425 F.3d at 694–95 (emphasis added).

Defendant argues that neither the amount in controversy, nor Plaintiff's citizenship were revealed affirmatively in the initial pleading. Therefore, its removal of the action within 30 days from the date it received Plaintiff's discovery responses was timely. The Court finds Defendant's arguments unpersuasive.

1.    *Amount in Controversy*

The Complaint does not quantify the total damages Plaintiff seeks. However, Plaintiff expressly prays for lost earnings (Compl. at 29, ECF No. 1-2) and alleges that she earned approximately $75,000 annually. (Compl. ¶ 10). While Defendant may be correct that the amount in backpay as of the answer date was below $75,000 (approximately $36,000), Defendant's argument misses the point. The point is not whether the Complaint conclusively establishes the amount in controversy. Rather, the Complaint alleges that Plaintiff earned approximately $75,000 annually—a figure that nearly satisfies the

---

[1] There appears no dispute that the discovery responses, received by Defendant on March 13, 2026, indicate complete diversity of citizenship and the requisite amount in controversy to establish federal diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01866-RGK-DTB | Date | June 25, 2026 |
|---|---|---|---|
| Title | ***Negrete v. Hub Group Trucking, Inc., et al.*** | | |

jurisdictional threshold on its own. The Complaint also seeks multiple additional categories of damages, including statutory and civil penalties, and emotional distress and punitive damages. The allegation regarding Plaintiff's base salary of $75,000 during the relevant period, coupled with the numerous other types of damages sought, presents an objective clue. Taken together, the allegations in Plaintiff's Complaint affirmatively revealed grounds for removal under § 1446(b), thereby triggering the thirty-day removal period. As articulated in *Dart*, Defendant here need not have *proven* an amount in controversy in excess of $75,000 to remove timely within the first thirty-day period under § 1446(b)(1). Defendant could have plausibly alleged that the amount in controversy exceeded $75,000, to be later supported by a preponderance of the evidence (e.g., discovery responses) if jurisdiction was challenged. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81–82 (2014).

2.      *Complete Diversity of Citizenship*

A person's citizenship is determined by their state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence in a place and an intention to remain there, evaluated on "objective facts." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Plaintiff's Complaint alleges that she is an individual residing in Riverside County, California, and that she worked in San Bernardino County, California. (Compl. ¶¶ 1, 8). She held the position of "Driver Manager" at the Bloomington, California Terminal ("Bloomington"), and also helped to manage operations at the facility. (Compl. ¶¶ 10–11). After taking approved medical leave, Plaintiff made plans for work shifts upon her return, and, moreover, intended for regular working hours at the Bloomington facility. (Compl. ¶¶ 15–17).  The Complaint alleges exclusively California law claims and designates California as the proper venue. While none of the allegations, taken alone, sufficiently establish California citizenship, the totality of the direct and unambiguous allegations, including California residency, California employment, and intent to return to a California workplace, create a reasonable inference of Plaintiff's domiciliary in California. As such the Court finds that the complaint affirmatively revealed grounds for removal with respect to the citizenship prong.

Based on the foregoing, the Court finds that proper grounds for removal under § 1446(b)(1) were affirmatively revealed within the four corners of Plaintiff's Complaint. Therefore, the 30-day window for removal was triggered on the date Defendant was served with the Summons and Complaint. Because Defendant removed the action over three months later, Defendant's removal was untimely under § 1446(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01866-RGK-DTB | Date | June 25, 2026 |
|---|---|---|---|
| Title | *Negrete v. Hub Group Trucking, Inc., et al.* | | |

### B.   Plaintiff's Request for Fees and Costs Under § 1447(c)

"Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005). Here, while the Court ultimately found Defendant's removal untimely, the facts and issues presented gave rise to an objectively reasonable basis for removal. The parties do not contest that complete diversity of citizenship nor an amount in controversy exceeding $75,000 exists; the issue at hand is whether a second thirty-day period for removal began upon receipt of Plaintiff's discovery responses, or whether a ground for removal was revealed affirmatively in Plaintiff's Complaint. This issue, based on the facts presented and the allegations present in Plaintiff's Complaint, reflects the nuance of the dispute. Accordingly, Defendant's removal under § 1446(b)(3) was not objectively unreasonable.

The Court therefore denies Plaintiff's request for fees and costs under § 1447(c).

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and denies Plaintiff's request for fees and costs.

**IT IS SO ORDERED.**

: _____

Initials of Preparer

---